IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM MITCHELL,

    Plaintiff,

v.                                          No. 08-3111-JTM

SGT. FREEMAN
and
DAVID OAKS,

    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the defendants' motion for judgment on the pleadings. (Dkt. No. 16).

On May 7, 2008, William Mitchell, the plaintiff, filed a pro-se civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). The plaintiff alleges that while incarcerated at Douglas County jail, Sergeant Freeman and Corporal David Oaks failed to protect him from being assaulted by a violent inmate. (Dkt. No. 1 - page 3). Freeman and Oaks admit that at all relevant times, the plaintiff was an inmate at the Douglas County jail and they were employees of the Douglas County Sheriff's Department. (Dkt. No. 15 - page 1).

On August 14, 2008, the defendants filed a motion for judgment on the pleadings (Dkt. No. 16) requesting that the court dismiss plaintiff's complaint for failure to exhaust his administrative remedies pursuant to Federal Rule 12(c) and 42 U.S.C.§ 1997e(a).

Plaintiff acknowledged in his complaint that he had not exhausted his administrative remedies. (Dkt. No. 1). However, plaintiff maintains that he was not able to exhaust his

administrative remedies because "Douglas County Jail officials refuse to provide me with grievance response(s)". (Dkt. No. 1 - page 5). This statement is somewhat unclear, but the court interprets it to mean the jail officials did not provide plaintiff the means by which to file a grievance.

"*Jones* [*v. Bock*, 549 U.S. 199, 215 (2007)] suggests that district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Under federal law a federal prisoner must exhaust his administrative remedies before bringing an action. *See* 42 U.S.C. §1997e(a). However, courts are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials. *See, e.g., Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (although 42 U.S.C. §1997e requires inmates to exhaust "available"administrative remedies, the "failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"). "We follow the Fourth Circuit in holding that 'a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.'" *Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (*See Anderson v. XYZ Correctional Health Services*., 407 F.3d 674, 682 (4th Cir. 2005).

Plaintiff alleged in his complaint that his attempt at exhausting the administrative grievance process was prevented when jail officials refused to provide him with the "grievance response(s)." (Dkt. No. 1 - page 5). Following plaintiff's filing this action, defendants served plaintiff by mail with their Motion for Judgment on the Pleadings together with a blank copy of the Douglas County Corrections Facility Inmate Grievance Form (hereinafter "grievance form"). (Dkt. No. 16 - pages 3-5).

As of this date, the plaintiff has failed to file a response to the defendants' motion, and the court has not been notified that plaintiff has made any further effort to file a grievance. Having failed to exhaust his administrative remedies without any further showing for this failure, and not having responded to defendants' motion, the court grants defendants' motion for judgment on the pleadings.

SO ORDERED this 23rd day of February, 2009.

                                            s/ J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE